Per Curiam.

The first question made by the argument is, whether, if the suit were now against Samuel D. Watson himself, the acknowledgment shown to have been made by him would be sufficient to take the case out of the statute of limitations. It is conceded that an acknowledgment must be such, as that a new promise to pay may be inferred from it.
The rules to be observed in the construction of such acknowledgments are definitely laid down in the late case of Bangs v. Hall, 2 Pick. 368.[1] What shall amount to an acknowledgment of an existing debt must be determined by a consideration of all that the defendant has said, at any one time or conversation. The whole should be taken together, as well the parts which qualify or negative, as those which seem to admit the debt.[2] 3Such words must be construed according to their just and natural import, without putting upon them any force or constraint. The words thus construed, must amount to an unqualified acknowledgment, not only that the debt was just originally, but that it continues to be so, in order to deprive a party of this defence ; or that there has been a conditional promise to pay, and the condition has been performed.
These rules are to be applied to the acknowledgment relied upon in this case. The note purports to be made by William Watson deceased, of whom the defendant is administrator cum, test, annexe, and by his son Samuel D. Watson, whose acknowledgment is relied on to take the case out of the operation of the statute. On the note being shown to Samuel D. Watson, about fifteen years after its date, he said at first, that he *237 thought he was a witness to a note, and was not aware till he saw the note, that he signed it, or any note with his father. He admitted that he signed the note, and that he did not know that it had been paid, but presumed it was due. It is obvious that he professed to have no knowledge or recollection whatever, of having signed such a note ; on the contrary, what faint recollection he had of putting his name to any note with his father was, that he did it as a witness, and not as a party. His admission that he signed it, after what he had previously said, must be understood to be founded, not upon any knowledge ot recollection of the fact, but from the recognition of his handwriting. Admitting that he did not know that it had been paid, is merely negative, and after saying that he had no recollection of the existence of the note, is surely no acknowledgment of an existing debt. The only words upon which a plausible argument can be founded, are the last, in which he said he presumed that it was due. But taken in connexion with the whole conversation, it seems clear that this was not the admission ot any fact, but an inference of his, drawn from the fact of the note being outstanding, or from some other circumstance. It amounts to no averment or admission upon any knowledge ot his own, that the note remained due and unpaid.
To prevent misconstruction, it may be proper to note a distinction between an admission of this description made by a sole debtor, and one, as in the present case, made by one of several debtors. In the case of a sole debtor, if the debt has been paid, it must have been paid by the defendant himself, and the fact must lie within his own knowledge ; and therefore when he admits that he does not know that the debt has been paid, but presumes it has not, it might justly be considered as strong evidence of the present existence of the debt. But when the same negative words are use by one of several debtors, who has not been called upon, and who, if the debt had in fact been paid by any of the other parties, would not be likely to know it, saying negatively that he did not know that it had been paid, would have very little tendency to rebut the presumption arising from lapse of time, that it had been paid.[1]
*238 Under the circumstances of the case, the Court are all of opinion, that the acknowledgment of Samuel X). Watson did not amount to an unqualified admission that the debt was still due, and therefore that it was not sufficient to defeat the operation of the statute of limitations. This result renders it unnecessary to give any opinion upon the other questions discussed, namely, whether the admission of a surviving promisor is sufficient to take the case out of the statute, in regard to the estate of a deceased promisor, and whether the relation of Samuel D. Watson, as residuary legatee and devisee under the will, could give an effect to his acknowledgment, which it would not have as made' by him in his capacity of a surviving joint promisor.[1]

Plaintiff nonsuit.

 See 2 Pick. (2d ed.) 377, note 1, and 379, note 1; Bailey v. Crane, 21 Pick. 324 ; Sigourney v. Drury, 14 Pick. 390 ; Deshon v. Eaton, 4 Greenleaf, 413; Hancock v. Bliss, 7 Wendell, 267; Coffin v. Bucknam, 3 Fairfield, 472.

 See Routledge v. Ramsay, 8 Adolph. & Ellis, 221 ; Whippy v. Hillary, 3 Barn. & Adolph. 399; Kennet v. Milbank, 8 Bingh. 38; Bailey v. Crane, 21 Pick, 324; Illsley v. Jewett, decided in Essex, November term, 1840; Thayer v. Mills, 14 Maine R. (2 Shepley,) 300 ; Barnard v. Bartholomew, 22 Pick. 291.

 An acknowledgment or promise to revive a°debt barred by the statute of limitations, must now be in writing. Revised Stat. c. 120, § 13.

 See Revised Stat. c. 120, § 14, 15, 16, 18.